

**Mark A. Konkel**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7959
Fax: (212) 808-7897
MKonkel@kelleydrye.com

August 14, 2024

**VIA ECF**

Hon. Diane Gujarati
United States District Judge, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201
Courtroom: 4B South

Re: **Joel Arroyo v. Pinnacle City Living, LLC, and BFC Partners Development LLC**
**Docket No.: 1:24-cv-04335**

Dear Judge Gujarati:

We write pursuant to this Court's Individual Rule III.A to request a pre-motion conference in anticipation of Defendant Pinnacle City Living, LLC's ("Pinnacle") motion to dismiss Joel Arroyo's ("Plaintiff") Complaint (Dkt. 1) under Fed. R. Civ. P. 12(b)(6).

Plaintiff's Complaint fails at the most basic pleading level. To state a claim for which relief may be granted, a party must plead factual allegations that amount to more than a "formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint alleges that Pinnacle, and co-defendant BFC Partners Development LLC ("BFC Partners") (collectively, "Defendants"), violated certain wage and hour requirements under the Fair Labor Standards Act and New York Labor Law. To link Pinnacle to this lawsuit, Plaintiff claims that it is a joint employer with BFC Partners, or, in the alternative, acts as a single enterprise with BFC Partners. Putting aside the factual question that Pinnacle is simply not Plaintiff's employer, the Complaint merely recites the bare elements of those legal conclusions; it does not, because it cannot, allege *any* facts (let alone "plausible" facts) as to why Pinnacle is a joint employer or a single enterprise with BFC Partners. This fails to meet the *Iqbal-Twombly* pleading standard, and the case should be dismissed against Pinnacle.

In order to survive a motion to dismiss, it is insufficient for a complaint to recite bare elements of claims or mere legal conclusions. Instead, a complaint must allege enough facts, however minimal, to state a "plausible" claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The Complaint here utterly fails in that regard.

Hon. Diane Gujarati
August 14, 2024

Plaintiff's bare allegations that Pinnacle is a joint-employer of Plaintiff, which is necessary to maintain Plaintiff's wage and hour claims under the FLSA and NYLL, are insufficient to support a claim for joint employer status. In the Complaint, the Plaintiff's allegations rest solely on conclusory assertions that the Defendants:

- "[O]wn operate and/or control the property, located at: 1620 Fulton St., Brooklyn, NY 11213" (Dkt. 1, ¶ 22);
- "[P]ossessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practice with respect to the employment and compensation of Plaintiff" (Dkt. 1, ¶ 14, 24); and
- "[H]ad the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate of method of any compensation in exchange for Plaintiff's services" (Dkt. 1, ¶ 15, 28).

Courts in this district have repeatedly rejected similar allegations as insufficient to adequately plead joint-employer status. For example, in *Herrera v. Albion Venue LLC* (2023 U.S. Dist. Lexis 174451 (E.D.N.Y. Sept. 28, 2023)), the Eastern District systematically dismantled almost identical bare assertions as insufficient to support a finding that defendant controlled the plaintiff's employment in the requisite manner to support his wage and hour claim. First, the court rejected that allegations of a shared workspace are sufficient to demonstrate a joint-employer relationship because "they reveal nothing about the interactions between the parties that took place at that workplace and they do not establish control over employment." *Herrera*, 2023 U.S. Dist. Lexis 174451 at *11. Here, Plaintiff similarly does not allege any factual allegations of the interactions that took place at 1620 Fulton St., and merely alleges that Defendants shared a tangential relationship at this location.

Second, the court noted that allegations regarding defendant's power to hire and fire plaintiff, set wages and working conditions, and maintain records are "'conclusory and inadequate to establish that [a defendant is a joint or singular employer]' because they merely 'recit[e] in conclusory fashion the factors set forth in the economic realities test.'" *Id.* at *13 (*quoting Solis v. ZEP LLC,* 2020 U.S. Dist. LEXIS 50797, at *22 (S.D.N.Y. Mar. 24, 2020)*; Peng Bai v. Fu Xing Zhuo*, 2014 U.S. Dist. LEXIS 81173, at *10-11 (E.D.N.Y. June 13, 2014)). Plaintiff does nothing more in the Complaint than assert the same exact insufficient conclusory allegations about the power to hire and fire, and control over unspecified terms, working conditions and employment policies and practices. *See Solis*, 2020 U.S. Dist. LEXIS 50797, at *8 (rejecting similar allegations as providing no facts "from which it could be inferred that [defendant] had the power to hire or fire employees, supervise or control the work schedules of the employees, determine rates of pay, maintain employment records, or otherwise exercise operational control over the workplace.").

Lastly, the court rejected all other "alleged general power over various employment decisions" as insufficient to demonstrate that a joint-employer, or even single employer, relationship exists. *Herrera*, 2023 U.S. Dist. Lexis 174451 at *14; *See also, Gisomme v. Healthex Corp.*, 2014 U.S. Dist. LEXIS 67588, at *4 (E.D.N.Y. May 15, 2014) (finding allegations of, inter alia, "significant managerial control

Hon. Diane Gujarati
August 14, 2024

over operations, policies, practices, and procedure" insufficient); *Lee v. Korea Central Daily News, Inc.*, 2021 U.S. Dist. LEXIS 213871, at *2 (E.D.N.Y. Oct. 18, 2021) (general allegations of "authority to control plaintiffs' work hours and pay" do not suffice); *Aguilar v. New Dairydel, Inc.*, 2023 U.S. Dist. LEXIS 159511, (S.D.N.Y. Sept. 8, 2023) (finding allegation that defendant would "instruct" corporate defendant's employees "how to perform their jobs; directing Plaintiffs where, when and how to perform their job duties responsibilities and functions each day" insufficient).

  Thus, the allegations of the Complaint that attempt to link Pinnacle to this action do so through bare legal conclusions as to "employer" status, without alleging a single fact—let alone any "plausible" fact—to support that claim. As such, the Complaint against Pinnacle should be dismissed. Defendant respectfully requests that the Court schedule a pre-motion conference, grant Defendant leave to file the requested motion, and set a briefing schedule.

            Respectfully submitted,

            Mark A. Konkel

cc: All Counsel of Record, via ECF